IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SKYLER DEAN EASTER,

                                    Plaintiff,

        v.                                                    CASE NO. 24-3052-JWL

D. HUDSON, et al.,

                                    Defendants.


<u>**MEMORANDUM AND ORDER**</u>

Plaintiff brings this pro se civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff is incarcerated at Leavenworth FCI  in Leavenworth, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff filed this action on April 11, 2024.  *See* Doc. 1.  On May 1, 2024, Plaintiff filed a Motion to Amend Complaint (Doc. 8), seeking to add two defendants to his Complaint, along with additional factual allegations and claims related to each.  He included two counts that he wanted to add to his Complaint.  On May 7, 2024, the Court entered a Memorandum and Order (Doc. 10), stating that Plaintiff was entitled to amend his complaint as a matter of right under Fed. R. Civ. P. 15(a)(1), but finding that to do so he must file a complete amended complaint on the Court-approved forms.  (Doc. 10, at 1.)  The Court granted Plaintiff until June 14, 2024, in which to submit his amended complaint on the Court-approved form.  *Id*. at 2.

Plaintiff filed a response (Doc. 11) and Motion for Order (Doc. 12) indicating that he was unable to keep a copy of his original Complaint, making it difficult to draft an amended complaint.  He asked the Court to reconsider allowing him to add defendants and claims to his original Complaint.  On July 16, 2024, the Court entered an Order (Doc. 13) denying the request for

1

reconsideration and directing the Clerk to send Plaintiff a copy of his original Complaint and exhibits.  The Order provided that "[i]f Plaintiff does not file an amended complaint by August 16, 2024, the case will proceed with the existing Complaint being screened as required by 28 U.S.C. § 1915A(a)."  (Doc. 13, at 2.)  On August 12, 2024, Plaintiff filed a motion (Doc. 14) seeking a 60-day extension of time to submit his amended complaint.  On August 15, 2024, the Court entered an Order (Doc. 15) granting Plaintiff until October 16, 2024, in which to submit his amended complaint.

Because Plaintiff failed to submit an amended complaint by the deadline, and failed to seek an additional extension of time to do so, the Court entered an Order (Doc. 16) on December 17, 2024, granting Plaintiff an additional extension of time by which to either submit an amended complaint on the Court-approved form or to notify the Court that he intends to proceed on his original Complaint.  The deadline to respond was January 6, 2025.  The Court's Order provides that "[f]ailure to respond by the deadline may result in the dismissal of this matter without prejudice for failure to prosecute."  (Doc. 16, at 2.)

Plaintiff has failed to respond by the Court's deadline.  Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures

when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to respond by the Court's deadline.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** for failure to prosecute.

**IT IS SO ORDERED.**

**Dated January 15, 2025, in Kansas City, Kansas.**


<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**